**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA TINEO SALCEDO, | No. 06-72879 |
| Petitioner, | Agency No. A071-949-040 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2010[**]
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Elsa Tineo Salcedo, a native and citizen of Peru, petitions for review of a

final order of the Board of Immigration Appeals (BIA), which summarily affirmed

the decision of an immigration judge (IJ) denying her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture.[1]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Because the BIA summarily affirmed the IJ's order without opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's order as the final agency decision, *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004). We review the IJ's adverse credibility finding "for substantial evidence and must uphold the [IJ's] finding unless the evidence compels a contrary result." *Almaghzar v. Gonzales,* 457 F.3d 915, 920 (9th Cir. 2006) (citation omitted).

Substantial evidence supports the IJ's denial of asylum based on an adverse credibility finding. Salcedo testified that a terrorist group called the Shining Path was the only source of graffiti on Salcedo's house in Peru and threats that she received. According to Salcedo's asylum application and its supporting documents, however, the MRTA – a different terrorist group – was the source of the graffiti and threats in question. Salcedo fails adequately to account for the inconsistencies between her testimony, supporting documentation, and written application. Because these "discrepancies relate to the basis for [Salcedo's]

---

[1] Salcedo does not contest the IJ's determination that she is ineligible for protection under the Convention Against Torture.

alleged fear of persecution," they go to the heart of her claim and support the IJ's adverse credibility finding. *de Leon-Barrios v. INS*, 116 F.3d 391, 393-94 (9th Cir. 1997).

Because Salcedo cannot establish eligibility for asylum, "the IJ properly concluded that she was not eligible for withholding of removal, which imposes a heavier burden of proof." *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

PETITION DENIED.